

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/16/2021

| | | |
|---|---|---|
| IN RE: | § | |
| EXPO CONSTRUCTION GROUP, LLC, | § | CASE NO: 20-34099 |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 11 |

## MEMORANDUM OPINION

Expo Construction Group, LLC, seeks disallowance of Flash Funding, LLC's proof of claim in the amount of $1,111,837 because it was filed past the filing bar date. On May 18, 2021, the Court held a hearing and ordered briefing at the hearing's conclusion. The matter was briefed and is now ripe for determination. After considering the pleadings on file, evidence in the record, arguments of counsel, and relevant case law, the Court finds that Expo Construction Group, LLC's Objection to the Claim of Flash Funding, LLC (Claim No. 28)[1] is overruled. Flash Funding LLC's amended complaint dated September 2, 2020[2] is deemed allowed as a timely filed informal proof of claim, and Flash Funding LLC's proof of claim dated February 4, 2021[3] in the amount of $1,111,837.00 is allowed as amending Flash Funding, LLC's informal proof of claim dated September 2, 2020.

### I. Jurisdiction, Venue Constitutional Authority to Enter Orders

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the

---

[1] Bankr. ECF No. 133.
[2] ECF No. 2.
[3] Claim No. 28.

latter court will appropriately preside over the matter.[4] This court determines that pursuant to 28 U.S.C. § 157(b)(2)(B), the instant matter contains core matters because the claim objection primarily seeks relief under the United States Bankruptcy Code.

Furthermore, this Court may only hear a case in which venue is proper.[5] Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Debtor's principal place of business is Houston, Texas, which is where the underlying bankruptcy case was filed. Therefore, venue is proper.

## II. Procedural History

1. On August 18, 2020, Expo Construction Group, LLC ("*Debtor*") filed its initial petition under chapter 11, subchapter V of title 11 of the Code.[6] The initial petition did not contain the entire list of creditors, more specifically it did not list Flash Funding, LLC ("*Flash Funding*").

2. On August 20, 2020, Debtor filed Official Form 204 listing Flash Funding as one of its 20 largest unsecured creditors holding a disputed claim in the amount of $1,111,837.[7]

3. On August 22, 2020, the BNC issued its certificate of service regarding the first meeting of creditors and related bar dates for the filing of proofs of claim.[8] Flash Funding was not listed as a party who received the BNC notice.[9]

4. On August 26, 2020, Flash Funding filed its notice of appearance.[10]

---

[4] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[5] 28 U.S.C. § 1408.
[6] Citations to the docket in this adversary proceeding styled *Flash Funding, LLC*. 20-3403 (the "*Adversary Proceeding*"), shall take the form "ECF No. ⸺," while citations to the bankruptcy case, 20-34099 (the "*Bankruptcy Case*"), shall take the form "Bankr. ECF No. ⸺."; Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.
[7] Bankr. ECF No. 13.
[8] Bankr. ECF No. 19.
[9] *Id.*
[10] Bankr. ECF No. 24.

5. On August 28, 2020, Flash Funding filed adversary proceeding number 20-3403 ("*Adversary Proceeding*"), seeking non-dischargeability pursuant to 11 U.S.C. § 523(a)(4) against a corporate debtor.[11]

6. On September 2, 2020, Flash Funding amended its complaint, seeking (i) a declaratory judgment pursuant to 11 U.S.C. §§ 105, and 541(b) and 28 U.S.C. § 2201; (ii) identification and recovery of trust funds pursuant to 11 U.S.C. § 541; (iii) for an accounting of diverted trust funds; and (iv) for attorney's fees and seeking monetary damages in an amount not less than $1,111,837.00 and other equitable relief ("*Complaint*").[12] Flash Funding alleges that Debtor misappropriated funds that were to be held in trust for certain beneficiaries to include Flash Funding.[13]

7. December 21, 2020, was the bar date for the filing of non-governmental proofs of claim.[14]

8. On February 4, 2021, Flash Funding filed its general unsecured Proof of Claim No. 28 in the amount of $1,111,837.[15]

9. On April 2, 2021, Debtor filed its objection to Flash Funding's Proof of Claim ("*Claim Objection*").[16]

10. On April 8, 2021, Flash Funding filed its Response to the Claim Objection.[17]

11. On May 18, 2021, the Court held a hearing on the Claim Objection and ordered briefing.[18]

12. On June 1, 2021, Flash Funding filed its brief.[19]

13. On June 11, 2021, Debtor filed its brief.[20]

### III.  Analysis

The Claim Objection asserts that the Proof of Claim is time barred because Flash Funding was listed as "disputed" on Debtor's schedules,[21] and as such Flash Funding was required to file a

---

[11] ECF No. 1.
[12] ECF No. 2.
[13] *Id.*
[14] Bankr. ECF No. 12.
[15] Claim No. 28.
[16] Bankr. ECF No. 133.
[17] Bankr. ECF No. 139.
[18] May 18, 2021 Min. Entry.
[19] Bankr. ECF No. 192.
[20] Bankr. ECF No. 211.
[21] Bankr. ECF No. 25, Schedule E/F.

timely proof of claim but instead filed its Proof of Claim 45 days after the bar date.[22]  Although not specifically asserted it its Claim Objection, the Court takes Debtor's argument to mean that the Proof of Claim should be disallowed pursuant to 11 U.S.C. § 502(b)(9).  In its Response, Flash Funding admits filing its Proof of Claim late, but asserts that the Adversary Proceeding itself serves as an informal proof of claim, which was filed prior to the bar date.[23]

Federal Rule of Bankruptcy Procedure 3003(c)(2) requires a creditor to file a proof of claim if the creditor's claim is scheduled as disputed by the debtor.  Flash Funding's claim for $1,111,837 was scheduled as disputed in Debtor's Schedule E/F.[24]  Flash Funding missed the December 21, 2020 bar date and did not file its Proof of Claim until February 4, 2021.[25]  However, Flash Funding initiated the Adversary Proceeding on August 28, 2020, by filing an original complaint, which was amended on September 2, 2020.[26]  Flash Funding seeks to hold Expo responsible for alleged misappropriation of trust funds and monetary damages in an amount not less than $1,111,873.[27]  If Flash Funding's Complaint constitutes an informal proof of claim, then Flash Funding has the right to participate in distributions from Debtor's bankruptcy estate.

A creditor's pre-bar date filing of an adversary proceeding may be treated as an informal proof of claim that can be amended after the bar date to conform with, inter alia, the requirements of Federal Rule of Bankruptcy Procedure 3001(a).[28]  In *Nikoloutsos*, the Fifth Circuit adopted a five-part test, employed by the Tenth Circuit, to determine what qualifies as an informal proof of claim.[29]  "This test requires that, to qualify as an informal proof of claim: (1) the

---

[22] Bankr. ECF No. 133.
[23] Bankr. ECF No. 139 at 1.
[24] Bankr. ECF No. 25 at 19.
[25] Claim No. 28.
[26] ECF Nos. 1 and 2.
[27] *Id.*.
[28] *Garza v. JD Foods Inc. (In re Garza)*, 222 F. App'x 350, 352–53 (5th Cir. 2007) (citations omitted).
[29] *Nikoloutsos v. Nikoloutsos (In re Nikoloutsos)*, 199 F.3d 233 (5th Cir. 2000) (adopting the test from *Reliance Equities, Inc. v. Valley Fed. Sav. & Loan Ass'n (In re Reliance Equities, Inc.)*, 966 F.2d 1338, 1345 (10th Cir. 1992)).

claim must be in writing; (2) the writing must contain a demand by the creditor on the debtor's estate; (3) the writing must evidence an intent to hold the debtor liable for such debt; (4) the writing must be filed with the bankruptcy court; and (5) based upon the facts of the case, allowance of the claim must be equitable under the circumstances."[30]

Flash Funding's Complaint satisfies the first four prongs of the *Nikoloutsos* test. The Complaint is in writing; it demands monetary damages in an amount not less than $1,111,837 from Debtor for allegedly misapplied trust funds that Flash Funding claims it is entitled to; it evidences an intent to hold Expo liable for those allegedly misapplied funds; and it was filed with this Court prior to the bar date. The fifth prong requires allowance of an informal claim to be equitable. Here, Expo's sole argument against accepting the Complaint as an informal claim is that "[w]hen Debtor's counsel saw the complaint, she immediately knew that the complaint was erroneously [sic], and knew the Debtor could and should ignore it" because "[§] 523(a)(4) actions are only allowed against **individual debtors** and not against corporate debtors."[31] Expo fails to acknowledge that while Flash Funding's original complaint sought non-dischargeability pursuant to § 523(a)(4), the complaint was amended before the bar date, removing the § 523(a)(4) claim and instead seeking (i) a declaratory judgment pursuant to 11 U.S.C. §§ 105, and 541(b) and 28 U.S.C. § 2201; (ii) identification and recovery of trust funds pursuant to 11 U.S.C. § 541; (iii) for an accounting of diverted trust funds; and (iv) for attorney's fees and seeking monetary damages in an amount not less than $1,111,837.00 and other equitable relief.[32] Nevertheless, it is not inequitable for this Court to allow Flash Funding's informal claim that was filed well before the bar date, particularly in light of Expo's counsel's admitted disregard of Flash Funding's Complaint.

---

[30] *Id.* at 236.
[31] Bankr. ECF No. 211 at 1, ¶ 1 (emphasis in original).
[32] ECF No. 2.

Moreover, allowance of Flash Funding's claim is equitable under the circumstances because while other unsecured creditors' recovery may be diluted by the allowance of Flash Funding's claim, Flash Funding is entitled to its share of the estate while Expo's bankruptcy case is pending.

Accordingly, this Court finds that Expo Construction Group, LLC's Objection to the Claim of Flash Funding, LLC (Claim No. 28)[33] is overruled. Flash Funding LLC's amended complaint dated September 2, 2020[34] is deemed allowed as a timely filed informal proof of claim, and Flash Funding LLC's proof of claim dated February 4, 2021[35] in the amount of $1,111,837.00 is allowed as amending Flash Funding, LLC's informal proof of claim dated September 2, 2020. Therefore, this Court need not consider Flash Funding's alternate argument that its late-filed Proof of Claim should be permitted under the *Pioneer* standard for excusable neglect.[36]

### IV.  Conclusion

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED June 16, 2021

_____
Eduardo Rodriguez
United States Bankruptcy Judge

---

[33] Bankr. ECF No. 133.
[34] ECF No. 2.
[35] Claim No. 28.
[36] *Pioneer Inv'rs Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).